**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT PEARCE,

        Plaintiff,

v.                                            Case No:   6:24-cv-1417-WWB-LHP

DRLLOYDER ENTERPRISES "LLC"
and DAVID LLOYD,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION FOR ENTRY OF CLERK'S DEFAUT JUDGMENT (Doc. No. 10)
>
> **FILED:**     September 24, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff instituted this action against Defendants on August 1, 2024. Doc. No. 1. Plaintiff has filed returns of service stating that both Defendants were served with a copy of the summons and complaint on August 22, 2024. Doc. Nos.

8–9.  To date, Defendants have not appeared in this matter.  And by the above-styled motion, Plaintiff seeks to have default judgment entered by the Clerk of Court under Federal Rule of Civil Procedure 55(b)(1).  Doc. No. 10.  Upon review, however, and for the reasons discussed below, Plaintiff's motion is due to be denied.

First, the Court notes that the motion fails to comply with Local Rule 3.01(a) because it does not include a memorandum of legal authority in support.

Second, Plaintiff prematurely seeks default judgment under Federal Rule of Civil Procedure 55(b), as Plaintiff has not applied for, nor has the Clerk entered, default under Federal Rule of Civil Procedure 55(a).  *See, e.g.*, *Awgi, LLC v. Team Smart Move, LLC*, No. 6:12-cv-948-Orl-22DAB, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment." (citation and quotation marks omitted)); *see also Barney v. Biegalski*, No. 3:18CV620-MCR-CJK, 2018 WL 9517270, at *1 (N.D. Fla. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 9517272 (N.D. Fla. Aug. 16, 2018) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (citation omitted)).  Nor will the Court construe the instant motion as a request for Clerk's default under Rule 55(a), as the motion does not address service of process.  *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL

1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Third, even if the request for default judgment were ripe for review, Plaintiff proceeds under Federal Rule of Civil Procedure 55(b)(1). Doc. No. 10. However, "[a]lthough Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)). And before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines*, 2019 WL 13183880, at *1.

Here, the present motion is insufficient to demonstrate that default judgment is proper. The motion does not set forth the elements of Plaintiff's claims against Defendants or demonstrate how the well pleaded allegations of the complaint establish each of those elements. Nor does Plaintiff explain how the allegations of his complaint establish either individual or enterprise FLSA coverage. Without this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment. *See, e.g.*, *Estes Express Lines*, 2019 WL 13183880, at *2 (denying two-page motion for default which "merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit" and which otherwise did not include a legal memorandum as required by Local Rule 3.01(a)); *McCraken v. Bubba's World, LLC*, No. 6:09-cv-1954-Orl-28DAB, 2010 WL 3463280, at *2 (M.D. Fla. Aug. 4, 2010) (recommending denial of motion for default judgment where, among other things, "Plaintiff cites no cases, undertakes no analysis, and fails to even mention the [FLSA] except in a passing reference . . ."), *report and recommendation adopted*, 2010 WL 3463277 (M.D. Fla. Sept. 3, 2010).

For these reasons, the above-styled motion (Doc. No. 10) is **DENIED without prejudice**. It is **ORDERED** that, within **fourteen (14) days** of this Order, Plaintiff shall file a motion for Clerk's default under Federal Rule of Civil Procedure 55(a).

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties