**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT PEARCE,

        Plaintiff,

v.                                Case No:   6:24-cv-1417-WWB-LHP

DRLLOYDER ENTERPRISES "LLC"
and DAVID LLOYD,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT JUDGMENT AND MEMORANDUM OF LAW (Doc. No. 15)**
>
> **FILED:**   November 14, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On August 1, 2024, Plaintiff Robert Pearce filed a complaint against Defendants DRLLOYDER Enterprises "LLC" and David Lloyd, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for failure to pay

overtime wages and breach of an oral contract for failure to pay all wages due. Doc. No. 1. According to the complaint, Plaintiff was employed by Defendants as a cook at a restaurant location in Daytona Beach Shores, Florida from July 17, 2022 to April 7, 2024. *Id.* ¶¶ 4, 5, 11. Plaintiff alleges that during his employment, his hourly rate was $20.00 per hour, he worked 322.57 unpaid overtime hours for which he was not paid, and he was also not compensated for 200 hours of regular hours worked. *Id.* ¶¶ 12, 13. So Plaintiff brings a contract claim to recover his regular rate of $20.00 per hour for the 200 unpaid hours, and an FLSA overtime claim for the 322.57 overtime hours worked. *Id.* at 4–6.

Plaintiff filed proof of service on both Defendants, Doc. Nos. 8–9, but Defendants did not timely appear or respond to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). On Plaintiff's motion, Clerk's default was entered. Doc. Nos. 12–14. Now before the Court is Plaintiff's motion for default judgment against both Defendants. Doc. No. 15. Upon review, and for the reasons discussed below, the motion (Doc. No. 15) will be denied without prejudice.

Defendants are subject to Clerk's default. *See* Doc. Nos. 12–14. However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975).[1]  A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally in the context of motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).

On review of Plaintiff's motion (Doc. No. 15), there are several deficiencies preventing the undersigned from recommending that default judgment be entered in Plaintiff's favor. First, the motion does not set forth the elements of Plaintiff's claims, nor does it demonstrate how the well pleaded allegations of the complaint establish each of those elements. Instead, Plaintiff just baldly asserts that the allegations of the complaint are enough to establish enterprise coverage under the FLSA and that Plaintiff's damages are "finite and calculable." Doc. No. 15, at 1–2. Thus, the motion is not sufficient to establish that Plaintiff is entitled to default judgment on either the FLSA overtime claim or the contract claim as alleged in the complaint. *See, e.g.*, *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *2 (M.D. Fla. Apr. 19, 2019) (denying two-page motion for default which "merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit" and which otherwise did not include a legal memorandum as required by Local Rule 3.01(a)); *McCraken v. Bubba's World, LLC*, No. 6:09-cv-1954-Orl-28DAB, 2010 WL 3463280, at *2 (M.D. Fla. Aug. 4, 2010)

(recommending denial of motion for default judgment where, among other things, "Plaintiff cites no cases, undertakes no analysis, and fails to even mention the Act except in a passing reference . . ."), *report and recommendation adopted*, 2010 WL 3463277 (M.D. Fla. Sept. 3, 2010).

Second, and relatedly, Plaintiff's motion does not provide legal authority for the breach of oral contract claim or establish that the Court could properly award the relief sought. Doc. No. 15.

Third, Plaintiff has not established that the complaint sufficiently alleges coverage under the FLSA to support the FLSA overtime claim. In order to be eligible for relief, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry

- 5 -

employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

(1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 citations omitted); *see* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

Plaintiff's complaint includes only the following allegations that are relevant to coverage under the FLSA:

4. Plaintiff was, at all times material to this Complaint, employed by Defendants as a cook at the Defendants' work location in Daytona Beach Shores, Florida.

> 5. The Defendant, DRLLOYDER ENTERPRISES "LLC", is a Florida Corporation which operates a restaurant in Daytona Beach Shores, Florida.
>
> 6. DRLLOYDER ENTERPRISES "LLC" is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiff was employed with the Defendants.
>
> 7. Plaintiff was an employee of DRLLOYDER ENTERPRISES "LLC" and at all times relevant to this Complaint the Defendants were engaged in commerce as defined by 29 U.S.C. section 207(a)(1).
>
> 8. The Defendant, DRLLOYDER ENTERPRISES "LLC", in the alternative, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1) because the Defendant employed two or more employees who regularly engaged in selling, handling, or otherwise working on goods and/or materials that have been moved in or produced for interstate commerce and, at all times during which Plaintiff was employed by the Defendant, the annual gross sales volume of DRLLOYDER ENTERPRISES "LLC", was in excess of $500,000.00 (exclusive of excise taxes at the retail level).

Doc. No. 1 ¶¶ 4–8.

In Plaintiff's motion, he cites no legal authority supporting his position that such conclusory allegations are sufficient to establish FLSA enterprise coverage. Doc. No. 15.[2]   And without demonstrating that the complaint sufficiently alleges

---

[2] Plaintiff cites only one case in his motion—*Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010)—for the general principles on enterprise coverage, but Plaintiff does not apply *Polycarpe* to the allegations of the complaint.   Doc. No. 15, at 2.   Notably, in *Polycarpe*, the Court noted that "an employee who uses an item at work

coverage under the FLSA, Plaintiff's request for default judgment against Defendants must be denied. *See, e.g.*, *Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding conclusory allegations regarding individual and enterprise coverage insufficient and denying motion for default judgment); *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment).

Finally, although Plaintiff submits his own affidavit and an affidavit from counsel with his motion, he fails to address in the motion for default judgment the propriety of the damages requested or cite any legal authority in support. *See* Doc. No. 15, at 2. *See also Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. 08-0005-WS-B, 2008 WL 801702, *4 (S.D. Ala. Mar. 24, 2008) ("It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . . Conclusory evidence whose calculations and factual underpinnings cannot be discerned are insufficient and will not be accepted.").

---

will only sometimes be 'handling, selling, or otherwise working on' the item for the purposes of FLSA coverage: an item's use must have a significant connection to the employer's business purposes." *Polycarpe*, 616 F.3d at 1227. And, unlike here, in *Polycarpe*, the plaintiffs had specifically alleged the goods or materials that had moved in interstate commerce. *Id.* at 1227–28.

For these reasons, Plaintiff's request for default judgment (Doc. No. 15) will be **DENIED without prejudice**.  It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff shall file a renewed motion for default judgment. The renewed motion must be supported by a memorandum of legal authority setting forth the elements of each cause of action asserted and demonstrating how the well pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiff seeks default judgment.  In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements.  If the well pleaded allegations of the complaint establish liability, including FLSA coverage, then Plaintiff must set forth the legal basis for his entitlement to damages and present evidence sufficient to establish the damages to be awarded.

Alternatively, **within fourteen (14) days** of the date of this Order**,** Plaintiff may file an amended complaint, should he deem it necessary to do so, which must be served on Defendants in compliance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2024.

*Leslie Hoffman Price*
**LESLIE HOFFMAN PRICE**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties