**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT PEARCE,

               Plaintiff,

v.                                      Case No:   6:24-cv-1417-WWB-LHP

DRLLOYDER ENTERPRISES "LLC"
and DAVID LLOYD,

               Defendants

---

**ORDER**

On September 12, 2025, a judgment was entered in favor of Plaintiff and against Defendants in the total amount of $25,999.20.   Doc. No. 27.   Now before the Court is Plaintiff's Motion for Writ of Garnishment as to Bank of America, N.A. Doc. No. 30.

A money judgment is enforceable by a writ of garnishment, and the writ must accord with the law of the state where the court is located.   Fed. R. Civ. P. 69(a)(1). In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment."   Fla. Stat. § 77.01.   After judgment has been entered, but before the writ of garnishment is issued, the party seeking the writ of garnishment must file a

motion stating the amount of the judgment. *Id.* § 77.03. The writ must state the amount owed and direct the garnishee to do the following: (1) serve an answer on the movant within 20 days after service of the writ stating whether the garnishee is indebted to the debtor at the time of the answer, or was indebted at the time of service of the writ, or was indebted at any time between such times; (2) state what sum and what tangible or intangible personal property of the debtor the garnishee possesses or controls at the time of the answer, or had at the time of the service of the writ, or at any time between such times; and (3) whether the garnishee knows of any other person indebted to the debtor, or who may possess or control any of the debtor's property. *Id.* § 77.04.

Here, Plaintiff's motion (Doc. No. 30) and proposed writ (Doc. No. 30-1) generally comply with these requirements. However, neither the motion nor the proposed writ include the address of the garnishee, precluding issuance of the writ. *See, e.g.*, *Healthcare Servs. Grp., Inc. v. Sandalwood Operating, LLC*, No. 6:21-mc-89-WWB-GJK, 2021 WL 9595949, at *1 (M.D. Fla. June 11, 2021) (denying writ of garnishment because "Plaintiff fails to demonstrate that this Court has jurisdiction to issue the Writ. No address is provided for garnishee Regions Bank, and therefore it is unknown whether the Court has jurisdiction over it or the property Plaintiff seeks to garnish."). In addition, the proposed writ is addressed to the

State of Florida, rather than the United States Marshals Service.   Doc. No. 30-1. *See* Fed. R. Civ. P. 4.1(a).

Accordingly, the motion (Doc. No. 30) is **DENIED without prejudice**.   Any renewed motion shall address these issues, and must be supported by an amended proposed writ.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties